We'll move now to Appeal 25-2497, Fortress Acquisition Sponsor II, LLC versus ATI Physical Therapy, et al. We'll begin with oral argument, Ms. Parker-Fluh. Good morning, your honors. May it please the court, Janess Parker-Fluh, Skadden, on behalf of Appellant, which I'll refer to as FA2, since it's a long name, with me as my partner, Marcy Lee. May it please the court, the issue in this appeal is the interpretation of a settlement. I'm worried about whether we have appellate jurisdiction. Did the district court enter an order finally resolving all the disputes about access to the settlement fund? Or, yes, the district court, that there were various different claims, including- No, the question I have is, did the district court ever settle all the claims? I read through the district court's order that's in your appendix. And at the end, the district court says, claim your client's claim, it's disallowed, and other claims are allowed. What does that mean? Who gets how much money? What's the bottom line? So, since then, we've submitted joint submissions to the court, because we entered into an agreement that, okay, the claims administrator can hold back the round $6 million that would go to FA2, plus some extra push-in, so I think up to $7 million. In other words, the district court hasn't yet even set the bottom line. Then how do we have appellate jurisdiction, which depends on final order? In other words, an order that wraps up everything and leaves nothing to be done. Well, we can't wrap up everything, because everybody else has been paid now, as far as I'm aware. Everybody else has been paid, but we haven't. And that's our appeal to you, is should we get paid or not? So everything has now been wrapped up. Then what are these proceedings that you were just telling me about? The claims administrator paying the other claimants that the court said, these people can get paid, but you can't, and so the claims administrator held back the funds that would go to us. I think we may need supplemental files to figure out whether we have a final order. I mean, whenever I see a case in which there's an appeal, but nothing remotely resembling a judgment in the district court, there's a potential problem. And the briefs in this case have just glossed over that problem. You may continue with your argument. This will be your opportunity to make that argument. Thank you. You're welcome. The question here is whether FA2 can get its portion of the securities fund as a member of the securities subclass in connection with the stipulation of settlement. And it argued the district court made three legal errors. The first is that FA2 is not a defendant in the securities subclass and shouldn't be excluded. So you go to section one triple J, the settlement class definition. And at the beginning of that, the settlement class is immediately broken into two subclasses, the securities subclass and the multi-plan subclass. And then yes, the second line is the settlement class excludes defendants, capital D in both actions. But if you read that and don't read that in a vacuum, you read the entire stip. And the stip then leads to the logical conclusion that you apply defendants, and there is a definition for securities defendants to the securities subclass. For example, there's a defined term settlement amount and that's in one triple I. Ms. Parker, the paragraphs talking about the release of claims also refer to quote defendants writ large. Is FA2 part of that group that benefits from the release of claims because it is one of the defendants writ large? Yes, your honor. And that does apply to everybody. Yes, agreed. But that's the same exact term that appears, right? In the exemption from the settlement class that you say there, it does not include FA2? Yes, and so if you look at that provision and keep meaning to the different terms, not only in that provision, but the rest of the stip, defendants can't mean everybody in both cases. So for example, you look at paragraph one and two and it says a class member, which would be, we have those two subclasses. A class member can try to get funds from either the securities fund as a sub security subclass member, multi-plan fund or both. We're not going for the multi-plan fund and we're not going for both. We are just asking as a member of the security subclass for the securities fund. So it makes more logical sense that in that provision, one triple J, you would say, okay, well, are you actually a defendant in the securities case? So as I mentioned, section 22, that splits things up, there's a different pot of money for both funds or for both cases. Even plaintiff's counsel split up for their awards from the two separate funds. And why are there these distinctions? The securities case was negotiated and entered into months before the multi-plan cases were settled and that's at the stipulation, which is the separate appendix at pages 10 and 11. So these really are two distinct things and FA2 is not a defendant in the securities case and should get part of its fund. So second, the district court's error, even if FA2 is a defendant, they're an investment vehicle excluded from that class. It's a carve-out from the carve-out, defendants are excluded, but investment vehicles are excluded from that carve-out. And FA2 is an investment vehicle as defined in the stip. So at the outset, the district court opined, well, but you wouldn't fall under that if you're a defendant that's exactly the point to the carve-out to the carve-out. Okay, so on the definition of investment vehicle, which defendant has a direct or indirect interest in FA2? So for starters, FA2 itself. Okay, so what's the difference between interest and ownership? Yes, so interest and ownership is kind of, I'm a fellow lawyer so it's fun for me, is you have an interest and part of the definition too is in managing. So you have a pool of investment sponsored. FA2 is a sponsor in this background test and it's a pool of investment. So it has an interest in managing that funds, but that's different than the owners of the LLC. And that was in that chart that's at R210-1. The owners of the LLC are, so like for Delaware Law, you have the managers, whether it's an LLC and you have members or unit holders or a corporation and stockholders. So this might be a bad example to use in Chicago, but for example, the Packers actually have public stock. You're in good shape. Well, there you go, I'm from Iowa. We got the big 10 covered. But so the Packers have public stock, where's the Bearstone? I would have used that. Now I know I'm in the right place. But they're definitely not managing the team and that's the difference in those two prongs of investment. So are you saying that FA2, I mean, that FA2 acts as its own manager? It's a manager. It also has Fortress Investment Groups which was a defendant in the Gates action and Fortress Investment Groups set up the sponsor and the SPAC. And so they also have an interest in that sponsor and in the sponsor managing itself and in its management. The sponsor did have two managers. No more. You've put them- I'm sure they're ahead of your time. Yes, thank you. Very good, thank you, Ms. Parker. Mr. Bannon, we'll move to you now for oral argument on behalf of the appellate. Good morning, your honors, and may it please the court. Maybe I should begin with Mr. Brooks' concern. I think that we don't dispute that this court does have jurisdiction. Whether you dispute it or not, it's not relevant. For sure. I think that it would be problematic if all the funds were to be distributed and then we were to appeal because then we would have to go back and try to collect funds from all the individual entities we distributed. There's a device called a supersedious bond that prevents that problem. My question is what I wish you would address. Has the district court quantified everybody's entitlements? If so, there's a final decision. If not, there's a potential problem. We have provided that quantification to the district court. I don't ask whether you gave the court something you wish the court had entered. I'm trying to figure out whether the court has entered something. And it's that something that the judge enters that one would then appeal. I think it makes sense for us to give supplemental brief on this rather than try to argue on the spot. Yes, I suspect that trying to do this on the fly is not productive. Thank you. So I think that there are two independently dispositive reasons for this court to affirm. The first is the reason that the district court gave. It seems facially implausible that the parties here really intended to give back one third of the security settlement to a named defendant in the global settlement. The second and independently dispositive reason which has been briefed in a paragraph, a single paragraph by defendants is that paragraph 36 of the settlement agreement prevents defendants from contesting the claims administrator's determinations. Either way, this court should affirm. I'm happy to run through both of those basics. So first, defendants are squarely excluded from the settlement class. The settlement agreement states that excluded from the settlement class are both defendants, not security defendants, defendants. Defendants is defined as the gated defendants and as including the gated defendants and the gated defendants is defined as including FA2. So there's no ambiguity in the exclusion of defendants from the settlement class. I think that they're pinning their hopes on their being included as investment vehicles. That's a minor provision of the settlement agreement that focuses on mutual funds. The idea here is that it would be unfair if you had a defendant owning 1% of a large mutual fund. It would be unfair to all the other owners of that mutual fund. If you excluded all of them from covering just because some minuscule ownership were had by a defendant, that's not what's going on here. The defendants are excluded from, in the definition of investment vehicle for at least three reasons. The first is that it would just be nonsensical for the parties to intend to exclude a company that is majority owned by defendants yet not exclude defendants themselves. It's- Think about this argument of two separate resolutions or the resolutions being at different times and that accounting for the different term. I'm sorry, I didn't understand. Ms. Parker's point. She offered that the global resolution might've been different than the securities. So this global resolution is resolving two separate matters. But the relevant provisions here of exclusion are for the global settlement and they don't distinguish between the defendants and the various actions. This was arranged globally with a thought to all parties involved. And the provisions that issue here refer globally to both actions. So it makes no sense to focus just on the securities actions that we really, really want this court to do. If FA2 was a covered investment vehicle, I mean, to your point here, would it also be entitled to recover from the multi-plan settlement funds given that the exemption is sort of, covers all the suits? Yes, I think that's right. But they are excluded from the definition of investment vehicle. Firstly, because it would be nonsensical for them to be included. Secondly, because the plain language here concerning ownership also excludes them. Majority owners, any entity in which a defendant is majority owner is excluded from being an investment vehicle. And FA2 is a 100% owner of FA2 and the only relevant property rights, the only relevance in the ownership at issue here. FA2 and only FA2 is entitled to benefit from this settlement, receive benefits from the settlement. And that's what's at issue in this investment vehicle provision. That provision is intended to prevent defendants from benefiting while still preventing the unfairness of excluding many owners in a mutual fund from recovering. And the third reason the defendants are excluded from investment vehicle is the one that the district court gave. And I might just read a wonderful paragraph going to pain with which I wholeheartedly agree. FA2 is explicitly listed as a defendant excluded from the class. But then under FA2's argument, the parties agreed to usher FA2 through the recovery backdoor via general definition of investment vehicle. When walking through the backdoor will result in more than 30% of the settlement proceeds being funneled to FA2? To ask those questions is to answer them. So that is the first basis on which to affirm. And the second is independently dispositive basis is one that is not even mentioned. And that is that even if this implausible interpretation of the settlement agreement were accurate, paragraph 36 of the settlement agreement prevents the defendants from contesting any decision by the claims administrator. I'll read that provision in short. No defendant shall be permitted any decision. No defendant should be permitted to contest any decision of the claims administrator or claims counsel rejecting any claims repayment by a settlement class. So either way, this court should affirm. If you have another question, fill in there. Thank you, Mr. Vann. Thank you. We'll now move back to Ms. Parker for rebuttal argument. Thank you, your honors. A couple of quick points. We actually waived our, to your question, FA2 waived the redemption rights. And so it was actually not a chartered multi-plan class because you've had to have a redemption rights. So that's that one. Plaintiffs, a penalties counsel said, mentioned the global resolution. In their brief to the district court, they noted it's just for sake of efficiency and judicial economy. We heard about the funds, this worry about the funds going to FA2, but in the declaration, which is at 210-1, paragraph six, the declaration says all the funds would go through to the advisory clients' funds, which then go to college pension plans and college endowments and pension plans. And lastly, it's actually paragraph 25 and not 36, if you were to think. So you actually would have to be a defendant first for that to matter. And then separately, you would have to be, they'd have to admit that we were actually a settlement class member. And the way you read it, I think that's probably more for a defendant not to be able to have standing to argue for someone else, unless your honors have any questions. No, thank you, Ms. Parker. Thank you, Mr. Bann. Thank you, Mr. Bann. In case you want to take an under advisement, we'll be in touch separately with regard to, supplementarily. Thank you, your honor.